UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AYANNA GRIGGS HORLBACK,

                         Plaintiff,

v.                                                                  6:13-CV-0708
                                                                    (GTS/TWD)
STATE OF NEW YORK., *et al.*,

                         Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICE OF TAMARA M. HARRIS       TAMARA M. HARRIS, ESQ.
  Counsel for Plaintiff
111 Broadway, Suite 706
New York, NY 10006

HON. ERIC T. SCHNEIDERMAN            GREGORY J. RODRIGUEZ, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      This is a civil rights action filed by Ayanna Griggs Horlback ("Plaintiff") against the State of New York, the State's Office of Children and Family Services, and the Office's Tryon Residential Center ("State Defendants"),[1] as well as against thirteen employees of that center ("Individual Defendants"). (Dkt. No. 1.) Currently before the Court is Defendants' motion to dismiss Plaintiff's claims against the State Defendants for lack of subject-matter jurisdiction

---

[1] Defendants assert that the name of the "Tryon Residential Center" is actually the "Tryon Girls Reception Center." (Dkt. No. 22, Attach. 1, at 3-4 & n.1 [attaching pages "1" and "2" of Defs.' Memo. of Law].) Plaintiff does not dispute that assertion. (Dkt. No. 29.)

pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that those claims are barred by the doctrine of sovereign immunity under the Eleventh Amendment. (Dkt. No. 22.) Plaintiff does not oppose the motion. (Dkt. No. 29.)

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct.30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug .7, 2009) (Suddaby, J.) (collecting cases). Here, at the very least, Defendants have met their lightened burden. For this reason, Defendants' motion is granted.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against the State Defendants are **DISMISSED**, and the Clerk of Court shall **TERMINATE** them as Defendants in this action.

Dated: October 22, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

2